Daniel R. Watkins
Nevada State Bar No. 11881
dw@wl-llp.com
Michael A. DiRenzo
Nevada State Bar No. 13104
mdirenzo@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Ste. 22A
Henderson, NV 89074
Office:(702) 901-7553; Fax: (702) 974-1297

Attorneys for Plaintiff, Michael Miller

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL MILLER,<br><br>                    Plaintiff,<br><br>vs.<br><br>REPUBLIC SILVER STATE DISPOSAL, INC., a domestic corporation; and DOES 1-50,<br><br>                    Defendants. | **Case No.:**  2:21-cv-01031<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Michael Miller and files this civil action against Defendants, and each of them, for violations of The Americans with Disabilities Act, 42 U.S.C. §12101 et. seq., as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction and venue over this action pursuant to The Americans with Disabilities Act, 42 U.S.C. §12101 et seq., 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §2000e-5(f)(3), which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

///

2.      Jurisdiction of this Court is also appropriate under 42 U.S.C. §§ 1981 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Nevada law.

3.      Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Plaintiff has exhausted his administrative remedies.

5.      All conditions precedent to jurisdiction under section 42 U.S.C. §12101 et seq. have occurred or been complied with:

a.  A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of Plaintiff instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein.

b.  A Notice of Right to Sue in Federal Court was received from the EEOC, dated March 31, 2021. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

6.      This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7.      Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

## **PARTIES**

8.      Plaintiff, Michael Miller (hereinafter "Plaintiff" or "Miller"), was a qualified/eligible "employee" of Defendant, Republic Silver State Disposal, Inc., within the meaning of the Americans with Disabilities Act of 1990 (42 U.S.C. §§12101 *et seq.*) and under Nevada law.

//

9.     Defendant, Republic Silver State Disposal, Inc. (hereinafter "Defendant" or "Republic"), a domestic company, is a corporation qualified to do business in Nevada.  Defendant employs 15 or more employees and is an "employer" within the meaning of the Americans with Disabilities Act of 1990 (42 U.S.C. §§12111 *et seq*.) and related claims under Nevada law.

10.     Plaintiff alleges that this is the proper court because the violations of Nevada law took place in Nevada.

11.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive. The Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained.

12.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, the defendants named in this action, as well as the fictitiously named defendants, and each of them, were agents and employees of the remaining defendants, and in doing the things hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

## STATEMENT OF FACTS

13.     Plaintiff began working for Defendant in October of 2016, in Mesa, Arizona.

14.     Plaintiff transferred to Defendant's Las Vegas, Nevada location in July of 2017.

15.     Plaintiff suffered from a heart condition in 2019 requiring heart surgery which necessitated FMLA leave.

16.     Plaintiff was cleared to return to work by his doctors and carried out his duties without issue until July of 2020.

17.     Plaintiff experienced a malfunction with his trash truck bin on or about July 10, 2020.  It was a hot day in the middle of summer.

18.     Upon returning to the yard, Plaintiff was instructed by his supervisor Henry to climb into the back of the trash truck and dislodge whatever might be causing the malfunction.

19.     Plaintiff did as instructed, and after approximately two hours of attempting to fix the malfunction in the heat, Plaintiff collapsed from heat exhaustion.

20.     Plaintiff was transported by ambulance to the hospital, was treated, and released the same day.  The doctor cleared Plaintiff to return to work the following day.

21.     Upon returning to work on July 11, 2020, Plaintiff provided the doctor's notice to his supervisor indicating he was cleared to return to work.  After doing so, the supervisor instructed Plaintiff to go home and return to work on his next scheduled shift, which was July 13, 2020.

22.     On or about July 13, 2020, Plaintiff was instructed over the phone day by his manager Sergio Lopez to see the company's worker's compensation doctor since the incident happened at work.

23.     Plaintiff went to Dr. Klausner, the worker's compensation doctor, on or about July 14, 2020.  Dr. Klausner indicated that he would like to review the hospital records, but Plaintiff was clear to return to work.

24.     On or about July 16, 2020, Plaintiff received a phone call from Defendant's Human Resources department notifying him that they need clearance from his cardiologist and pain management doctors, and that they were placing him on unqualified medical leave.

25.     Plaintiff, his cardiologist, and his pain management doctor made numerous attempts to clarify his condition and provide documentation that he was cleared to return to work.

26.     On or about July 28, 2020, Dr. Klausner indicated that Plaintiff was unfit to return to work and even went so far as to attempt to have Plaintiff's Commercial Driver's License revoked by the Department of Motor Vehicles.  That request was subsequently denied.

27.     On August 13, 2020, Defendant discharged Plaintiff for failure to meet required standards with regards to his Medical Card and Commercial Driver's License.

28.     Plaintiff's Medical Card and Commercial Driver's License were never suspended despite attempts by Dr. Klausner to do so.

//

//

//

## COUNT I

### DISABILITY DISCRIMINATION
**Americans with Disabilities Act (42 U.S.C. §12101, et seq.)**
**NV Rev. Stat. §613.330 et seq.**
**(Against Defendants Republic Silver State Disposal, Inc. and DOES 1-50)**

29.     Plaintiff hereby incorporates paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30.     Plaintiff has a disability within the meaning of the Americans with Disabilities Act ("ADA").  Plaintiff suffers from heart problems and takes medication to manage it.  A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual. The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological, musculoskeletal, and others; or (2) any mental or psychological disorder such as emotional or mental illnesses, among others.

31.     Plaintiff was a qualified individual, meaning an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.  At all times during his employment Plaintiff satisfied the requisite skill, experience, education, and other job-related requirements of the employment position and could perform the essential functions of the position with or without reasonable accommodations.

32.     Republic knew, or had reason to know, that (a) Plaintiff has a disability; and (b) Plaintiff was experiencing workplace problems because of the disability.

33.     Republic initiated but failed to engage in a reasonable, good faith interactive process with Plaintiff to determine what reasonable accommodations would enable Plaintiff to work, if any. Republic could have made a reasonable accommodation, if necessary, prior to discharging Plaintiff that would have enabled Plaintiff to perform the essential functions of the job but did not do so.

34.     The accommodation would have been reasonable if it had been requested and would not have imposed an undue hardship on the operation of Republic.  Republic failed to complete the interactive process, failed to determine if it could provide a reasonable accommodation and therefore, unreasonably failed to offer or provide any other accommodation.

35.     Plaintiff's disability was a substantial motivating factor for Republic's disparate treatment against Plaintiff, and for Republic's unlawful employment practices that led to Plaintiff's discharge.  Republic's decision to terminate Plaintiff and to treat Plaintiff differently than other employees without disabilities affected his employment, including assignments, discipline, promotion, termination, and benefits.

36.     Republic, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendants and Republic's supervisors and Human Resources Department as described above, thereby ratifying the unlawful conduct of its supervisors and Human Resources Department.

37.     Republic's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Claimant's federally protected rights.

38.     Plaintiff requests relief as described in the Prayer for Relief below.

### COUNT II

### DISPARATE TREATMENT FOR PERCEIVED DISABILITY
**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330 *et seq*.**
**(Against Defendants Republic Silver State Disposal, Inc. and DOES 1-50)**

39.     Plaintiff hereby incorporates paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40.     Plaintiff had a perceived disability within the meaning of the Americans with Disabilities Act ("ADA") which states an individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

41.     Plaintiff experienced heat stroke symptoms that Republic perceived to be related to Plaintiff's history of heart problems.  A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual. The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological, musculoskeletal, and others; or (2) any mental or psychological disorder such as emotional or mental illnesses, among others.

42.     Plaintiff was a qualified individual, meaning an individual with a perceived disability who, with or without a reasonable accommodation, could perform the essential functions of the employment position that such individual holds or desires.  At all times during his employment Plaintiff satisfied the requisite skill, experience, education, and other job-related requirements of the employment position and could perform the essential functions of the position with or without reasonable accommodations.

43.     Plaintiff at no time requested an accommodation due to his disability but Defendant perceived that (a) Plaintiff had a disability; and (b) Plaintiff was experiencing workplace problems because of the perceived disability.

44.     Defendant failed to initiate and/or engage in a reasonably good faith interactive process with Plaintiff to determine what reasonable accommodations, if any, would enable Plaintiff to work. Defendant could have made a reasonable accommodation, if necessary, prior to the alleged incident that would have enabled Plaintiff to perform the essential functions of the job.

45.     The potential accommodation(s) if required would have been reasonable and would not have imposed an undue hardship on the operation of Defendant.  Defendant unreasonably failed to provide any accommodation(s).

46.     Plaintiff's perceived disability was a substantial motivating factor for Defendant's disparate treatment of Plaintiff and for its unlawful employment practices that led to Plaintiff's discharge.  Defendant's decision to terminate Plaintiff and to treat Plaintiff differently than other employees without disabilities affected his employment, including assignments, discipline, promotion, termination, and benefits.

47.     Defendant, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendants and Defendant's supervisors and Human Resources Department as described above, thereby ratifying the unlawful conduct of its supervisors and Human Resources Department.

48.     Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

49.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III

### RETALIATION
**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330 et seq.**
**(Against Defendants Republic Silver State Disposal, Inc. and DOES 1-50)**

50.     Plaintiff hereby incorporates paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.     Plaintiff engaged in an activity protected under federal and state laws by reporting his disability and for following through with worker's compensation treatment, as instructed, as a result of the incident that left him injured.

52.     Plaintiff was subjected to the adverse employment actions described herein because of his attempts to exert his rights under the ADA and NRS 613.330 et seq.

53.     Plaintiff was subjected to the adverse employment actions described herein because of his participation in the protected activity and adverse employment action would not have occurred but for that participation.

54.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, he has suffered and will continue to suffer pain, humiliation, and emotional distress.

//

//

//

55.     Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

56.     Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

57.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV

### TORTIOUS DISCHARGE

**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330 *et seq.***
**(Against Defendants Republic Silver State Disposal, Inc. and DOES 1-50)**

58.     Plaintiff hereby incorporates paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59.     Nevada's worker's compensation laws reflect a clear public policy favoring economic security for employees injured while in the course and scope of their employment. *Hansen v Harrah's* 100 Nev. 60, 675 P.2d 394 (1984).

60.     A retaliatory discharge of an employee in reaction to the filing of a workmen's compensation claim is actionable in tort.  *Hansen v Harrah's* 100 Nev. 60, 675 P.2d 394 (1984).

61.     Defendant deliberately interfered with Plaintiff's statutorily protected rights and violated public policy when they forced him to seek worker's compensation treatment and then fired Plaintiff because he participated in the worker's compensation treatment. Defendants used the incorrect diagnoses from the workman's compensation treatment that the Defendant forced Plaintiff to participate in. In so doing, Defendant ignored the diagnoses and opinions of Plaintiff's private doctors.

62.     Defendant's actions were willful, malicious, fraudulent, oppressive, and/or calculated to discourage Plaintiff and other Republic employees from pursuing their rights under Federal and/or Nevada law.

63.     Plaintiff requests relief as described in the Prayer for Relief below.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

1.  Economic Loss for Back Pay and Front Pay, plus prejudgment interest;

2.  Compensatory Damages;

3.  Reasonable attorneys' fees;

4.  Punitive Damages;

5.  Costs of suit incurred herein; and

6.  Such other and further relief as the court deems just and proper.


DATED this 1st  day of June, 2021.          WATKINS & LETOFSKY, LLP


*/s/ Daniel R. Watkins*


By:   _____
          Daniel R. Watkins, Esq.
          Michael A. DiRenzo, Esq
          8935 S. Pecos Rd., Ste. 22A
          Henderson, NV 89074
          Attorneys for Plaintiff, Michael Miller

1

**REQUEST FOR JURY TRIAL**

2

Pursuant to Federal Rules of Civil Procedure 38(b) and §102 of the Civil Rights Act of

3

1991, 42 U.S.C. §1981a, PLAINTIFF demands a trial by jury in this action on all issues so triable.

4

Dated this 1ˢᵗ day of June, 2021.            WATKINS & LETOFSKY, LLP

5

*/s/ Daniel R. Watkins*

6

By:    _____

7

Daniel R. Watkins, Esq.
Michael A. DiRenzo, Esq.

8

Attorneys for Plaintiff, Michael Miller

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

**<u>NOTICE OF RIGHT TO SUE</u>**
**DATED March 31, 2021**

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | **Michael Miller** | From: | **Los Angeles District Office**<br>**255 E. Temple St. 4th Floor**<br>**Los Angeles, CA 90012** |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **34B-2021-00280** | **Karrie L. Maeda,**<br>**State, Local & Tribal Program Manager** | **(213) 785-3002** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Rosa M. Viramontes,**
**District Director**

March 31, 2021
*(Date Issued)*

Enclosures(s)

cc:

**REPUBLIC SILVER STATE DISPOSAL INC.**
**770 E. Sahara Ave. Ste. 400**
**Las Vegas, NV 89104**