Daniel R. Watkins, Esq.
Nevada State Bar No. 11881
dw@wl-llp.com
Caryn R. Schiffman, Esq.
Nevada State Bar No. 14610
cschiffman@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Suite 22A
Henderson, Nevada 89074
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Michael Miller

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>REPUBLIC SILVER STATE DISPOSAL, INC., AND DOES 1-50,<br><br>Defendants. | Case No.:  2:21-cv-01031-RFB-EJY<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY** |

Plaintiff, Michael Miller ("Plaintiff"), by and through his counsel of record Watkins & Letofsky, LLP, and Defendant, Republic Silver State Disposal, Inc. ("Defendant") by and through its counsel of record, Littler Mendelson, P. C., hereby stipulate and request that the Court stay discovery deadlines pending this Court's decision on Defendant's Emergency Motion to Consolidate [ECF No. 26]. On September 8, 2022, Defendant filed an Emergency Motion. In the Motion, Defendant seeks to consolidate this case with the with another case filed by Plaintiff against Republic Services and the International Brotherhood of Teamsters, Local 631, entitled *Michael Miller v. The International Brotherhood of Teamsters, Local 631 and Republic Silver State Disposal Inc.*, case number 2:21-cv-0169-RFB-NJK.

Staying discovery would benefit the parties by avoiding duplicating costly discovery as detailed below.

///

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also* Fed. R. Civ. P. 26(c)(1) (court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding disclosure or discovery). In determining whether to grant a motion to stay, courts weigh the competing interests affected by the stay, including: (1) possible damage resulting from the grant of a stay; (2) the hardship or inequity which a party may suffer by going forward; and (3) the orderly course of justice, including the simplifying or complicating of issues, proof, and questions of law which could be expected to result. *Ortega v. Spearmint Rhino Companies Worldwide, Inc.*, No. EDCV17206JGBKKX, 2019 WL 2871156, at *9 (C.D. Cal. May 15, 2019)(citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). Courts in the Ninth Circuit often grant requests to stay cases pending resolution of non-dispositive motions pursuant to its power to control its docket and to allow a just determination of the action. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."); *Takiguchi v. MRI Int'l, Inc.*, No. 2:13-cv-01183-HDM-VCF, 2015 WL 6661479, at *8 (D. Nev. Oct. 29, 2015) ("The court may stay an action pending resolution of independent proceedings that bear upon the case if it is efficient for its docket and will "provide for a just determination of the cases pending before it."). For example, the court *Amey v. Cinemark USA Inc.*, No. CV1306248MMMCWX, 2013 WL 12143815, at *2 (C.D. Cal. Oct. 18, 2013) concluded that discovery should be stayed pending a motion to transfer and dismiss where parties stipulated to the stay and there was a risk of duplicative discovery:

> Although the motion to transfer is not dispositive, if granted, the case will be transferred to the Northern District of California and most likely consolidated with the action pending there. **As a result, much of the discovery that the parties might have taken pending resolution of the motions to dismiss and transfer might be duplicative of discovery taken in the Northern District. . . . As a consequence, requiring the parties to engage in discovery until the pending motions are resolved would not be efficient.**

> Additionally, no discovery is required for the court to decide the pending motions, and there is no indication that either party will be injured by staying discovery; indeed both parties have stipulated to do so. **Under these circumstances, the court agrees that discovery should be stayed until the court has decided the pending motions.**

*Id.* at *2 (emphasis added).)

The parties here agree that that no prejudice will result by granting the stipulation to stay discovery at this juncture. As in *Amey*, in order to avoid the hardship or inequity the parties would suffer were the case to immediately proceed, the parties agree and stipulate to stay this action pending the Court's decision on Defendant's Emergency Motion to Consolidate [ECF No. 26]. Staying this proceeding will prevent unnecessary costs and resources from being expended on discovery were the case to move forward while the motion is pending. Specifically, the remaining discovery to be completed is to conduct party depositions and any additional written discovery from new leads obtained during depositions.[1] Staying discovery pending a decision on consolidation will avoid Plaintiff being deposed two times on the exact same set of facts and also Republic Services having to prepare its employees and corporate representative(s) to be deposed twice on the circumstances leading to Plaintiff's termination.

A stay pending resolution of the motion will almost certainly result in economies and efficiencies for both the parties and the Court, and will likely simplify the issues and streamline discovery and the entire action upon the Court's decision(s).

IT IS HEREBY STIPULATED by and between Plaintiff and Defendant as follows:

1. The instant action, in its entirety, shall be stayed pending decision on Defendant's Emergency Motion to Consolidate [ECF No. 26].

//
//
//
//
//

---

[1] The current close of discovery is October 24, 2022. [ECF No. 25].

2. Upon the Court's order(s) resolving Defendant's Emergency Motion to Consolidate [ECF No. 26], the stay of this action shall be lifted and the parties shall file an amended proposed Discovery Plan and Scheduling Order within fourteen (14) calendar days after the lifting of the stay.

| Dated this 19th September 2022. | Dated this 19th September 2022. |
|---|---|
| WATKINS & LETOFSKY, LLP | LITTLER MENDELSON, P.C. |
| */s/ Caryn Schiffman* | */s/ Diana Dickinson* |
| By: _____ | By: _____ |
| Daniel R. Watkins, Esq. | Ethan D. Thomas, Esq. |
| Nevada Bar No. 11881 | Nevada Bar No. 12874 |
| Caryn R. Schiffman, Esq. | Diana G. Dickinson, Esq. |
| Nevada Bar No. 14610 | Nevada Bar No. 13477 |
| Attorneys for Plaintiff, | Attorneys for Defendant, |
| Michael Miller. | Republic Silver State Disposal, Inc. |

## ORDER

**IT IS HEREBY ORDERED** that the stay of discovery is GRANTED pending the Court's decision on Plaintiff's Emergency Motion to Consolidate, [ECF No. 26].

**IT IS HEREBY ORDERED** that the Parties shall have fourteen (14) calendar days from any decision on Plaintiff's Emergency Motion to Consolidate, [ECF No. 26] to file an amended proposed Discovery Plan and Scheduling Order.

Dated: September 19, 2022

_____
UNITED STATES MAGISTRATE JUDGE

4857-3989-6627.1 / 068119-2241